UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

JANET D. SCHULTZ,[1]                                Case No. DK 11-00045
                                                    Chapter 7
                Debtor.                             Hon. Scott W. Dales

_____/

OPINION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
            United States Bankruptcy Judge

The court entered an order (DN 35, the "Order") granting relief from the automatic stay to permit Kohn Financial Consulting, LLC ("Kohn") to resume its state court litigation against Patricia Vergari, the sister of Janet D. Schultz (the "Debtor"). The Debtor timely filed a motion to reconsider the Order (DN 37, the "Reconsideration Motion") on the ground that the court entered the Order mistakenly believing the state court had entered judgment against Ms. Vergari.

The court held a telephone hearing on July 19, 2011 at which Kohn and the Debtor appeared through counsel. The Chapter 7 trustee, James W. Boyd (the "Trustee"), also appeared but took no position. After entertaining argument, the court announced its intention to reconsider the Order and enter a new order denying Kohn's motion for relief from stay as moot. This Opinion and Order supplements the court's oral

_____

[1] Aliases for Janet D. Schultz: fka Janet D. Grabowski; aka DEE DEE Schultz.

ruling rendered on July 19, 2011 at the conclusion of the hearing on the Reconsideration Motion.

By way of background, the court held the final hearing to consider Kohn's motion for relief from stay in Traverse City, Michigan on June 29, 2011. At that time, the parties explained that this controversy arises out of state court litigation initially between the Debtor and Kohn, but it eventually embroiled Ms. Vergari in proceedings to collect a judgment that Kohn obtained against the Debtor.

In that state court proceeding, Kohn served a garnishment writ upon Ms. Vergari on the theory that she held title to a motor vehicle that the Debtor received as a gift from third-party donors -- a motor vehicle that Kohn sought to recover from Ms. Vergari and apply its value against the Debtor's debt. Kohn alleged that the Debtor and her sister conspired with the donors of the motor vehicle to structure the gift so as to defeat Kohn's collection rights. Kohn also alleges that Ms. Vergari lied under oath during the garnishment proceedings and that her supposed misconduct gave rise to Kohn's independent right to recover against her. Because the court was concerned that the Debtor was attempting to extend to her sister the benefits of the Debtor's discharge in a manner that could undermine Kohn's arguably independent claims against the sister, the court granted Kohn's lift stay motion.

After reviewing the Reconsideration Motion, the court finds that it entered the Order in error because the entry of the Debtor's discharge terminated the automatic stay by operation of law on May 17, 2011. *See* 11 U.S.C. § 362(c)(2)(C). In other words, by the time the court entered the Order ostensibly lifting the stay, the stay had expired, rendering Kohn's motion moot. Therefore, the court will vacate the previous Order.

The court doubts that its reconsideration and mootness findings will materially change the practical result that it had envisioned when it entered the prior Order.  As the court suggested during the lift stay hearing, neither Judge Rhodes's decision in *In re Feldman*, 303 B.R. 137 (Bankr. E.D. Mich. 2003), nor the endorsement of that decision by the Michigan Court of Appeals in *Vanderpool v. Pineview Estates, LLC*, 289 Mich. App. 119 (2010), necessarily immunizes Ms. Vergari from liability she may have independently incurred through misconduct, if established.[2]  The courts in both *Feldman* and *Vanderpool* found that the garnishment proceedings could not go forward in view of the automatic stay.  Here, for slightly different reasons, the court believes that the garnishment proceedings against the Debtor cannot go forward because entry of the Debtor's discharge in bankruptcy voided Kohn's judgment.  *See* 11 U.S.C. § 524(a)(1). Consequently, proceedings supplemental to the judgment, such as the garnishment proceeding in the state court, are moot.  Nevertheless, if Kohn has independent rights against Ms. Vergari due to her own misconduct those rights may survive the original Order and today's Opinion and Order.

In summary, if Kohn has independent claims against Ms. Vergari arising not solely from her sister's judgment but from Ms. Vergari's own misconduct, nothing in this Opinion and Order shall be construed to limit Kohn's rights or remedies, if any, in that regard.  Similarly, nothing herein shall be construed to limit the Debtor's right to assert in this or another court that Kohn's pursuit of rights and remedies against Ms. Vergari or the

---

[2] Both *Feldman* and *Vanderpool* involved garnishee defendants who effectively defaulted under the state court garnishment rules.  In *Feldman*, the state court found the garnishee defendant in default for "failure to comply with Michigan's garnishment laws and procedures." *Feldman*, 303 B.R. at 138.  In *Vanderpool*, similarly, the state court entered judgment against the garnishee defendants because they "'did not disclose' under the 14-day rule in MCR 3.101(H) and 'ignored the show cause issued.'" *Vanderpool*, 289 Mich. App. at __, 2010 WL 2595045 at *2.  Kohn, in contrast, alleges that Ms. Vergari lied under oath and actively interfered with Kohn's collection rights.

motor vehicle violates the discharge injunction or the Debtor's exemption rights.  *See, e.g., id.* §§ 522(c) and 524(a)(2).  As Kohn's counsel acknowledged during the telephone hearing, Kohn proceeds at its peril in pursuing litigation because the parties' rights with respect to these issues are expressly preserved.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Reconsideration Motion (DN 37) is GRANTED.

IT IS FURTHER ORDERED that after reconsideration, the Order granting the motion for relief from stay (DN 35) is VACATED and Kohn's motion for relief from stay (DN 27) is DENIED as moot.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Janet D. Schultz, A. Todd Almassian, Esq., Kohn Financial Consulting, LLC, C. William Garratt, Esq., John W. Unger, Esq., James W. Boyd, Esq., and the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**    Scott W. Dales
United States Bankruptcy Judge

**Dated: July 22, 2011**